Grant Joseph Savoy, Esq.(SBN: 284077)
Shoham J. Solouki, Esq.(SBN: 278538)
**SOLOUKI | SAVOY, LLP**
316 W. 2nd Street, Suite 120
Los Angeles, California 90012
Telephone: (213)814-4940
Facsimile: (213)814-2550

*Attorneys for Plaintiff MONICA STORY*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| MONICA STORY, an individual, | Case No.: 1:22-cv-00228-DAD-HBK |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FROM:** |
| vs. | 1. **DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ** |
| | 2. **FAILURE TO INVESTIGATE AND/OR PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 (j) AND (k)** |
| XTREME MANUFACTURING, LLC, a Nevada Limited Liability Company; and DOES 1 through 10, inclusive, | 3. **RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940 ET SEQ AND LABOR CODE § 1102.5** |
| Defendant. | 4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |
| | 5. **FAILURE TO PAY OVERTIME WAGES[Cal. Lab. Code §510];** |
| | 6. **FAILURE TO PROVIDE MEAL BREAKS[Cal. Lab. Code §226.7];** |
| | 7. **FAILURE TO PROVIDE REST BREAKS[Cal. Lab. Code §226.7];** |
| | 8. **WAITING TIME PENALTIES [Cal. Labor Code §§201-203];** |
| | 9. **FAILURE TO PROVIDE ACCURATEWAGE STATEMENTS [Cal. Labor Code §226];** |
| | 10. **VIOLATIONS OF CAL. BUS. & PROF. CODE §17200, et seq.;** |
| | **\*JURY TRIAL DEMANDED\*** |
| | **(**FRESNO COUNTY SUPERIOR COURT CASE #  22CECG00211) |
| | Complaint Filed:  January 20, 2022 |
| | Trial Date:    None Set |

1

SOLOUKI | SAVOY, LLP

Plaintiff, MONICA STORY, hereby amends her Complaint against the above-named Defendant and states and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1.    Plaintiff is a female over the age of 40 years old, and was at all times material herein, a resident of the State of California. Plaintiff was employed by certain Defendants XTREME MANUFACTURING,LLC, a Nevada Limited Liability Company; and DOES 1 through 10 in the County of Fresno. Plaintiff was, at all times material herein, an "employee," as defined by California Government Code § 12926(c), part of the Fair Employment and Housing Act ("FEHA", Government Code Sections 12900 et seq.)

2.    Plaintiff is informed and believes and based thereon alleges that at all times relevant herein. Defendant XTREME MANUFACTURING, LLC ("Defendant" and/or "Xtreme"), was and is a Nevada Company authorized to and doing business in the County of Fresno. Plaintiff is informed and believes that Defendant XTREME MANUFACTURING, LLC is an "employer" as defined by California Government Code Sections 12926(d), 12940(a) and 12940(j)(4)(a), and the California Labor Code.

3.    The true names and capacities, whether corporate, associate, individual, or otherwise, of Defendant DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each of the Defendants designated herein as DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will ask leave of Court to amend the Complaint to show their names and capacities when the same have been ascertained.

4.    At all times relevant herein, each Defendant designated herein, including DOES 1 through 10, was the agent, partner, joint venture, representative, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each Defendant designated herein.

SOLOUKI | SAVOY, LLP

5.     The action is brought pursuant to the California Fair Employment Practices Act, Government Code § 12900 et seq., the corresponding regulations of the California Fair Employment and Housing Commission, and the California Labor Code.

## **COMMON FACTS**

6.     Plaintiff MONICA STORY is a former employee of Defendant Xtreme. Defendant owns and operates a heavy machinery manufacturing operation.  Plaintiff worked at the Selma, California location.

7.     During her employment, Plaintiff was misclassified as an exempt employee. As such, she was not paid a proper wage, including overtime. In addition, Plaintiff was not given proper meal and rest breaks.

8.     Specifically, On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at least double minimum wage; which is $4,506.67 or $54,080 annually. From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or allowed to take breaks that she would have been entitled to as a non-exempt employee.

9.     Plaintiff complained of this misclassification on various occasions in writing starting in January of 2020, to no avail.

10.     On March 31, 2020, Plaintiff was terminated and replaced with an employee she trained. This new employee was much younger than Plaintiff. Plaintiff is 65 years old and the employee who replaced her is in her 20s or 30s.

11.     Further, Plaintiff's manager told Plaintiff that she discussed the age of employees at the Selma location with managers from the Las Vegas location, saying that there were too many old people working in Selma.

12.     Upon termination, Plaintiff was not provided with all of her final wages owed. Specifically, Plaintiff was not paid for overtime worked, nor was she provided with any of the meal or rest break penalties owed to her for meal and rest breaks that Defendant knew

Plaintiff never took.

13.    Plaintiff alleges that she was discriminated against due to her age, and for complaining about her pay.

14.    Plaintiff has suffered damages as a result of Defendants actions and/or inaction.

15.    Plaintiff has properly exhausted her administrative remedies as required by law by filing a complaint against Defendant with the Department of Fair Employment and Housing on March 2, 2021, and receiving an immediate "Right-to-Sue" Notice from said department on the same day. This Notice was served to Defendant by Certified US Mail. Thus, Plaintiff has exhausted all administrative remedies.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION**

**IN VIOLATION OF CAL. GOV. CODE § 12940 ET SEQ**

(Against All Defendants)

16.    Plaintiff realleges and incorporates herein all paragraphs of her Complaint as though fully set forth.

17.    At all times herein mentioned. California Government Code § 12940 et seq. were in full force and effect and were binding on Defendant. Under the Fair Employment and Housing Act ("FEHA"). Government Code section 12940 et. seq., it is an unlawful employment practice for an employer because of the age, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful under the Fair Employment and Housing Act ("FEHA") Government Code section 12940 et seq., because of an employee's age, or other protected category.

18.    On March 31, 2020, Plaintiff was terminated and replaced with an employee she trained. This new employee was much younger than Plaintiff. Plaintiff is 65 years old and the employee who replaced her is in her 20s or 30s.

SOLOUKI | SAVOY, LLP

19.    Further, Plaintiff's manager told Plaintiff that she discussed the age of employees at the Selma location with managers from the Las Vegas location, saying that there were too many old people working in Selma.

20.    As a direct, legal, and proximate result of Plaintiff's age, or other protected category, Defendant discriminated against Plaintiff in the compensation, terms, conditions, and privileges of employment and terminated Plaintiff's employment.

21.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

22.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

23.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of the Plaintiff. Defendant and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against the Defendant.

///
///
///

SOLOUKI | SAVOY, LLP

SOLOUKI | SAVOY, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CAUSE OF ACTION**

**FAILURE TO INVESTIGATE AND/OR PREVENT DISCRMINATION**

**IN VIOLATION CAL. GOV. CODE § § 12940 (j) AND (k)**

(Against All Defendants)

24.     Plaintiff realleges and incorporates herein all paragraphs of her Complaint as though fully set forth.

25.     In violation of Cal. Gov. Code section 12940(j) and (k), Defendants and each of them, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination on the basis of age, or other protected categories from occurring, and to remedy such discrimination.

26.     On March 31, 2020, Plaintiff was terminated and replaced with an employee she trained. This new employee was much younger than Plaintiff. Plaintiff is 65 years old and the employee who replaced her is in her 20s or 30s.

27.     Further, Plaintiff's manager told Plaintiff that she discussed the age of employees at the Selma location with managers from the Las Vegas location, saying that there were too many old people working in Selma.

28.     Plaintiff asserts that Defendant knew of the workplace discrimination that she was forced to suffer, as Defendant's direct agent was one of those person's responsible for the discriminatory and retaliatory acts suffered by Plaintiff.

29.     Defendant and its agents have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights.  Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of it.

30.     Plaintiff has incurred, and continues to incur, legal expenses and attorneys' fees and will seek reimbursement of her attorneys' fees pursuant to California Gov. Code section 12965(b).

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SOLOUKI | SAVOY, LLP

**THIRD CAUSE OF ACTION**

**RETALIATION**

**IN VIOLATION OF CAL. GOV. CODE § 12940 ET SEQ AND LABOR CODE § 1102.5**

(Against All Defendants)

31.     Plaintiff realleges and incorporates herein all paragraphs of her Complaint as though fully set forth.

32.     At all relevant times herein and in violation of Cal. Gov. Code § 12940 et seq., Defendants and each of them, and/or their agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after she complained of violations of California's wage laws and that she was being discriminated against. Defendant's conduct as alleged above constituted unlawful retaliation in employment on account of Plaintiff engagement in protected workplace activities in violation of California Government Code § 12940(h) and § 12945.2 (1).

33.     On March 31, 2020, Plaintiff was terminated and replaced with an employee she trained. This new employee was much younger than Plaintiff. Plaintiff is 65 years old and the employee who replaced her is in her 20s or 30s.

34.     Further, Plaintiff's manager told Plaintiff that she discussed the age of employees at the Selma location with managers from the Las Vegas location, saying that there were too many old people working in Selma.

35.     Further, Plaintiff complained about not being paid properly and as a result was terminated two months later.

36.     As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

37.     As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur

attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorney's fees and costs under California Government Code § 12965(b).

38.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of the Plaintiff. Defendant and its agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against the Defendant.

39.    At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Lab. Code section 1102.5, et. seq., is to prohibit employers from: (1) implementing policies preventing employees from disclosing reasonably based suspicions of violations of state or federal statutes; (2) retaliating against employees who have disclosed, or who the employer fears may disclose, reasonably based suspicions of violations to their superiors or to outside agencies, and (3) retaliating against employees who refuse to participate in activities that would result in violations of state or federal statutes. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

40.    At all times mentioned the public policy of the State of California, as codified, expressed and mandated in Lab. Code sections 96(k) and 98.6, is to prohibit employers from disciplining, discharging, or discriminating against because the employee: (1) engaged in lawful off duty conduct; (2) filed a bona fide complaint or claim; (3) instituted any proceeding relating to their rights under the jurisdiction of the Labor Commissioner; (4) testified or participated in any proceeding before the Labor Commissioner; or (5) exercised any other rights afforded the employee. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

41.    Plaintiff asserts that she was retaliated against by Defendant because she lodged complaints about Labor Code violations, and the various Government Code violations described herein.

42.    As a direct, legal, and proximate result of Plaintiff's lawful conduct, and Plaintiff's complaints about Defendant's acts and omissions that were in violation of the various California orders, codes, and regulations; Defendant retaliated against Plaintiff and terminated Plaintiff's employment.  Specifically, Plaintiff's employment was terminated because she attempted to exercise and assert her legal labor and employment rights afforded to her by the various codes, regulations, and orders of this State.

43.    Accordingly, the actions of Defendant, as described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Lab. Code section 1102.5, et. seq., and sections 96(k), 98.6, and the laws and regulations promulgated thereunder.

44.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code sections 3287, 3288 and/or any other provision of law providing for prejudgment interest.

45.    As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

46.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff. Defendant and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to an award of punitive damages against each Defendant.

///

47.    Plaintiff will also seek a $10,000 civil penalty pursuant to Lab. Code section 1102.5(f).

**FOURTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

(Against All Defendants)

48.    Plaintiff realleges and incorporates herein all paragraphs of her Complaint as though fully set forth.

49.    At all times mentioned. the public policy of the State of California, as codified, expressed and mandated in California Government Code § 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of age, or any other protected category. The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendant in firing Plaintiff was wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in California Government Code § 12940 et seq., California Labor Code §  1102.5 and the laws and regulations promulgated thereunder.

50.    On March 31, 2020, Plaintiff was terminated and replaced with an employee she trained. This new employee was much younger than Plaintiff. Plaintiff is 65 years old and the employee who replaced her is in her 20s or 30s.

51.    Further, Plaintiff's manager told Plaintiff that she discussed the age of employees at the Selma location with managers from the Las Vegas location, saying that there were too many old people working in Selma.

52.    Further, Plaintiff complained about not being paid properly and as a result was terminated two months later.

53.    As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims

SOLOUKI | SAVOY, LLP

such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

54.    The acts taken toward Plaintiff were carried out by Defendant's officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of Plaintiff, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendant.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### IN VIOLATION OF CAL. LABOR CODE §510(a)

(Against All Defendants)

55.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph, as though fully set forth herein.

56.    Under California Labor Code §510(a):

"Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

57.    On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at least double minimum wage; which is $4,506.67 or $54,080 annually.  From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or allowed to take breaks that she would have been entitled to as a non-exempt employee.

58.    During Plaintiff's employment with Defendant, on several occasions,

SOLOUKI | SAVOY, LLP

11

Defendant required that Plaintiff to work, and Plaintiff actually worked, in excess of eight (8) hours in one (1) workday and in excess of forty (40) hours in one (1) workweek. On such occasions, Defendants failed to pay Plaintiff at least one and one-half times their regular rate of pay for overtime hours worked. Defendant, to this date, has not paid Plaintiff for the overtime hours she worked. These include workweeks starting on January 1, 2020 and ending March 31, 2020.

59.    As a proximate result of Defendant's failure to pay Plaintiff overtime, pursuant to the provisions of California Labor Code §510(a), Plaintiff has suffered losses in earnings, and other employment benefits along with other incidental and consequential damages and losses, all in an amount to be proven at trial.

60.    As a proximate result of Defendant's failure to pay Plaintiff overtime, pursuant to the provisions of California Labor Code §510(a), Plaintiff has suffered, and will continue to suffer, economic damages in an amount to be proven at trial.

61.    Pursuant to California Labor Code § 218.5, Plaintiff requests that the court award reasonable attorneys' fees and costs incurred in this action.

## SIXTH CAUSE OF ACTION
## FAILURE TO ALLOW MEAL BREAKS
## IN VIOLATION OF CAL. LABOR CODE§226.7

(Against All Defendants)

62.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

63.    On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at least double minimum wage; which is $4,506.67 or $54,080 annually.  From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or

SOLOUKI | SAVOY, LLP

allowed to take breaks that she would have been entitled to as a non-exempt employee.  These include every day Plaintiff worked during the workweeks starting on January 1, 2020 and ending March 31, 2020.

64.     California Labor Code § 226.7 requires an employer to pay an additional hour of compensation for each required meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

65.     Plaintiff consistently worked over five (5) hour shifts.  Pursuant to the Labor Code and Wage Order 1-2001, Plaintiff was entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

66.     Defendant failed to provide Plaintiff with either timely uninterrupted meal breaks of not less than thirty (30) minutes, or to provide Plaintiff with an additional hour of compensation for each meal period missed as required during the time that Plaintiff was employed with Defendant.

67.     Pursuant to California Labor Code § 226.7, Plaintiff is entitled to damages of one (1) hour of wages per missed meal break, in a sum to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO ALLOW REST BREAKS**

**IN VIOLATION OF CAL. LABOR CODE §226.7**

(Against All Defendants)

68.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

69.     On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at least double minimum wage; which is $4,506.67 or $54,080 annually.  From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or

SOLOUKI | SAVOY, LLP

allowed to take breaks that she would have been entitled to as a non-exempt employee. These include every day Plaintiff worked during the workweeks starting on January 1, 2020 and ending March 31, 2020.

70.     California Labor Code §226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each consecutive four (4) hour shift worked. Employees are entitled to an uninterrupted net rest period of at least ten (l0) minutes per each consecutive four (4) hour work period or major fraction thereof, after the first three and one-half (3½) hours worked in a workday.

71.     Plaintiff consistently worked four (4) hour shifts. Pursuant to the California Labor Code and IWC Wage Order, Plaintiff is entitled to an uninterrupted rest period of not less than ten (10) minutes for each consecutive four (4) hour shift worked or major fraction thereof.

72.     Defendant failed to provide Plaintiff with either timely uninterrupted rest breaks of not less than ten (10) minutes, or to provide Plaintiff with an additional hour of compensation for each rest period missed as required during the time that Plaintiff was employed with Defendants.

73.     Pursuant to California Labor Code § 226.7, Plaintiff is entitled to damages of one (1) hour of wages per missed rest break, in a sum to be proven at trial.

## EIGHT CAUSE OF ACTION
## WAITING TIME PENALTIES
## IN VIOLATION OF CAL. LABOR CODE §§201-203

(Against All Defendants)

74.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

75.     On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at

SOLOUKI | SAVOY, LLP

least double minimum wage; which is $4,506.67 or $54,080 annually. From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or allowed to take breaks that she would have been entitled to as a non-exempt employee.

76.    Defendant's failure to pay wages, as alleged above, was willful in that Defendants, and each of them, knew wages to be due but failed to pay them, thus entitling Plaintiff to penalties under California Labor Code §203, which provides that an employee's wages shall continue as penalty until paid in full, for a period of up to thirty (30) days from the time they were due.

77.    Defendant's failure to pay these amounts was willful because Plaintiff complained in writing that she was misclassified, was not being paid overtime, not being allowed to take breaks, and was not being given proper wage statements for the period of January 1, 2020 to March 31, 2020.

78.    Plaintiff believes, and based thereon alleges, that Defendant has failed to pay Plaintiff in a sum certain at the time of termination and have failed to pay these sums for thirty (30) days thereafter.

79.    Pursuant to the provisions of California Labor Code §203, Plaintiff is entitled to penalties in the amount of Plaintiff's daily wages, multiplied by thirty (30) days.

## NINTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### IN VIOLATION OF CAL. LABOR CODE §226

(Against All Defendants)

80.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

81.    On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at

SOLOUKI | SAVOY, LLP

least double minimum wage; which is $4,506.67 or $54,080 annually.  From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or allowed to take breaks that she would have been entitled to as a non-exempt employee.

82.    Defendant's failure to issue accurate wage statements for the pay periods from January 1, 2020 to March 31, 2020 was willful because Plaintiff complained in writing that she was misclassified, was not being paid overtime, not being allowed to take breaks, and was not being given proper wage statements.

83.    Defendants, and each of them, were obligated under Labor Code §226 and the applicable Industrial Wage Orders, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff, with each payment of wages, an itemized statement accurately showing the total hours worked by Plaintiff. The statements for the period of On January 1, 2020 to March 31, 2020 did not accurately reflect the hours Plaintiff worked, including overtime and meal and rest break premiums.

84.    Pursuant to Labor Code § 226, Plaintiff is entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00.

85.    In this instance, Defendant either prepared and submitted to Plaintiff inaccurate wage statements, or did not prepare and submit any wage statements to Plaintiff during the relevant statutory period and during the entire term of Plaintiff's employment with Defendant.

## TENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### IN VIOLATION OF CAL. BUS. PROF. CODE §17200

(Against All Defendants)

86.    Plaintiffs re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

SOLOUKI | SAVOY, LLP

87.    California Business and Professions Code § 17200, et seq. prohibits unlawful and unfair business practices. Plaintiff is a "person" within the meaning of California Business & Professions Code (hereinafter "B&P Code") § 17204 and has standing to bring this cause of action for equitable relief.

88.    Plaintiff alleges that Defendant violated the B&P Code as follows:

a.    During her employment, Plaintiff was misclassified as an exempt employee. As such, she was not paid a proper wage, including overtime. In addition, Plaintiff was not given proper meal and rest breaks.

b.    Specifically, On January 1, 2020, California raised the minimum wage for employers with over 26 employees to $13 per hour. California law requires that exempt employees be paid at least double minimum wage; which is $4,506.67 or $54,080 annually.  From January 1, 2020 until her wrongful termination on March 31, 2020, Plaintiff was not paid this minimum amount. Thus, she was misclassified as an exempt employee and not paid for overtime or allowed to take breaks that she would have been entitled to as a non-exempt employee.

c.    Plaintiff complained of this misclassification on various occasions in writing starting in January of 2020, to no avail.

d.    On March 31, 2020, Plaintiff was terminated and replaced with an employee she trained. This new employee was much younger than Plaintiff. Plaintiff is 65 years old and the employee who replaced her is in her 20s or 30s.

e.    Further, Plaintiff's manager told Plaintiff that she discussed the age of employees at the Selma location with managers from the Las Vegas location, saying that there were too many old people working in Selma.

f.    Upon termination, Plaintiff was not provided with all of her final wages owed.  Specifically, Plaintiff was not paid for overtime worked, nor was she provided with any of the meal or rest break penalties owed to her for meal

SOLOUKI | SAVOY, LLP

and rest breaks that Defendant knew Plaintiff never took.

    g.  Plaintiff alleges that she was discriminated against due to her age, and for complaining about her pay.

89.    Wage and hour laws express fundamental public policies. California Labor Code §90.5(a) and §98.6 articulate the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, to ensure employees are not retaliated against for complaining of violations under the Labor Code, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

90.    Defendant has violated statutes and public policies, as alleged throughout this Complaint. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, has violated specific provisions of the California Labor Code, and has engaged in other unlawful and unfair business practices in violation of B&P Code § 17200, et seq., depriving Plaintiff of the rights, benefits, and privileges guaranteed to all employees under the law.

91.    Moreover, by not properly compensating Plaintiff, and improperly gaining extra labor by failing to provide rest and meal periods to Plaintiff, Defendant has gained an unfair business advantage over other California companies that follow the letter of the law and do not make such ill-gotten gains, in further violation of B&P Code § 17200.

92.    Defendant, by violating wage and hour laws as described above under the California Labor Code, either knew, or in the exercise of reasonable care should have known, that their conduct was unlawful. Therefore, Defendant's conduct, as alleged herein, constitutes unfair competition and unfair business practices in violation of B&P Code § 17200, et seq.

93.    As a proximate result of the above-mentioned acts of Defendant, Plaintiff and

SOLOUKI | SAVOY, LLP

1    has been damaged in a sum to be proven at trial.

2    94.    Unless restrained by this Honorable Court, Defendant will continue to engage

3    in the unlawful conduct as alleged herein. Pursuant to the B&P Code, this Court should make

4    such orders or judgments, including the appointment of a receiver, as may be necessary to

5    prevent the use or employment, by Defendant, their agents or employees, of any unlawful or

6    deceptive practice prohibited by the B&P Code and/or, including but not limited to,

7    disgorgement of profits which may be necessary to restore Plaintiff with the money Defendant

8    has unlawfully failed to pay.

9    95. WHEREFORE, Plaintiff requests relief as hereinafter provided.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    ///

26    ///

27    ///

28

SOLOUKI | SAVOY, LLP

19

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.  For general damages, according to proof;

2.  For special damages, according to proof;

3.  For loss of earnings, according to proof;

4.  For damages for unpaid minimum and overtime wages, according to proof;

5.  For damages for unpaid wages earned prior to termination of employment, according to proof;

6.  For damages for unpaid continuation wages owed for failing to pay all earned wages timely upon termination of employment, according to proof;

7.  For liquidated damages;

8.  For attorneys' fees, according to proof;

9.  For prejudgment interest, according to proof;

10. For punitive and exemplary damages, according to proof;

11. For injunctive relief, including providing training to all employees on their rights under the FEHA;

12. For penalties allowed by the California Labor Code;

13. For costs of suit incurred herein; and

14. For such other relief and the Court may deem just and proper.


RESPECTFULLY SUBMITTED:

Dated: March 25, 2022                          SOLOUKI | SAVOY, LLP

*Shoham J. Solouki*
_____
Shoham J. Solouki, Esq.
*Attorney for Plaintiff*
*MONICA STORY*

## **DEMAND FOR JURY TRIAL**

Plaintiff MONICA STORY hereby demands a jury trial on all issues so triable.

Dated: March 25, 2022                                           SOLOUKI | SAVOY, LLP

*Shoham J. Solouki*
_____
Shoham J. Solouki, Esq.
*Attorney for Plaintiff*
*MONICA STORY*

Case No.: 1:22-cv-00228-DAD-HBK                    FIRST AMENDED COMPLAINT FOR DAMAGES